Opinion
 

 PHELAN, P. J.
 

 This is an appeal from a dispositional order, in a juvenile proceeding under Welfare and Institutions Code section 602,
 
 [1]
 
 by which appellant Josh W. was placed on probation for one year on the condition that
 
 *4
 
 he be committed to juvenile hall for 15 weekends unless and until he reveals the identity of the other participants in the incident which gave rise to the petition. Appellant contends that this condition is invalid under
 
 People
 
 v.
 
 Lent
 
 (1975) 15 Cal.3d 481 [124 Cal.Rptr. 905, 541 P.2d 545]
 
 (Lent),
 
 and that it violates both the prohibition against retribution contained in section 202, subdivision (e), and the rehabilitative objectives of the juvenile law as set forth in section 202, subdivisions, (a) and (b). Appellant thus urges us to set aside both the juvenile hall commitment and its concomitant disclosure condition. Respondent contends that appellant waived his objections to the subject condition by failing to raise them in the trial court, and that the condition is reasonably related to the purposes set forth in the code.
 

 We conclude that appellant’s failure to cite
 
 Lent
 
 in support of his objection to the probation condition does not preclude consideration of his claims on appeal. However, we further conclude that the condition is reasonably related to a proper rehabilitative objective. Accordingly, we affirm.
 

 Factual and Procedural Background
 

 On October 10, 1995, the District Attorney of Solano County filed a petition under section 602 in the Solano County Juvenile Court, alleging felony violations of Penal Code section 459 (count 1 [commercial burglary]) and Penal Code section 496 (count 2 [receiving stolen property]), plus a misdemeanor violation of Penal Code section 484 (count 3 [petty theft]). Counts 1 and 2 relate to an incident on September 22, 1995, in which appellant was apprehended by Vallejo police officers investigating a report of a suspicious vehicle. As the officers approached and focused a spotlight on the car, appellant and two other juveniles got out of the car and began to walk away. Suddenly, the three juveniles began to run. One of the officers stopped appellant, who again began to run. The other two juveniles got away, and appellant refused to identify them. The vehicle contained several cases of liquor, boxes of cigarettes, a cash drawer, and rolled coins which were later determined to have been stolen from a convenience store.
 

 On February 1, 1996, appellant admitted count 2 as a misdemeanor, and the other counts were dismissed with a
 
 Harvey
 
 waiver.
 
 [2]
 
 At the dispositional hearing on April 17, 1996, the juvenile court commissioner adjudged appellant to be a ward of the court and placed him on probation for one year. A condition of probation was that appellant be committed for 15 weekends to
 
 *5
 
 juvenile hall, unless and until he discloses the identity of coparticipants in the activity he admitted. Defense counsel objected, claiming that informing on the other juveniles would expose appellant to retribution and danger, and that appellant’s father had already received threatening phone calls. The commissioner replied: “That’s fine. Then they should have thought about that before he committed an offense. And if he doesn’t want to reveal, that’s fine, too. He can serve 15 weekends in Juvenile Hall while his buddies are out there roaming around. So that’s going to be the Court’s order.” The commissioner added that if appellant revealed the names of his confederates, his identity would remain anonymous and would not be disseminated to any police officer.
 

 Appellant applied to the judge of the juvenile court for a rehearing of the disposition pursuant to section 252. On April 29, 1996, the judge of the juvenile court denied the request. On May 31, 1996, appellant filed a notice of appeal from both rulings, specifying his objections to the probation condition. Also, on May 31,1996, the juvenile court entered an order staying the commitment to juvenile hall pending determination of this appeal.
 

 The appeal is timely filed. The order is appealable. (§ 800, subd. (a).)
 

 Discussion
 

 I.
 
 Appellant Did Not Waive His Objections to the Probation
 
 Condition.
 
 *
 

 II.
 
 The Condition Imposed Is Reasonably Related to a Proper Rehabilitative Objective.
 

 Section 730, subdivision (b) authorizes the juvenile court to “impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.” A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile.
 
 (In re Tanya B.
 
 (1996) 43 Cal.App.4th 1, 7 [50 Cal.Rptr.2d 576].) That discretion will not be disturbed in the absence of manifest abuse.
 
 (Ibid.)
 

 In
 
 Lent, supra,
 
 15 Cal.3d 481, our Supreme Court held that a condition of probation which has no relationship to the crime of which the offender was
 
 *6
 
 convicted, relates to conduct which is not itself criminal, and requires or forbids conduct which is not reasonably related to future criminality, does not serve the statutory ends of probation and is invalid.
 
 (Id.
 
 at p. 486.) “Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.”
 
 (Ibid.)
 
 There is no dispute that
 
 Lent
 
 applies to juvenile court probation orders.
 
 (In re Babak S.
 
 (1993) 18 Cal.App.4th 1077, 1084 [22 Cal.Rptr.2d 893].)
 

 Appellant contends that the subject condition is invalid under
 
 Lent
 
 because it has no relation to the crime for which he was found responsible, and is not reasonably related to future criminality.
 
 [4]
 
 We disagree. There is no reason to believe the two juveniles who eluded the police were any more or less responsible than appellant was for the offenses with which he was charged, or the offense he admitted. Identification of these juveniles thus relates directly to the admitted offense, which has gone partially unsolved. A disclosure requirement also relates to the offense for which appellant was held responsible, albeit somewhat indirectly, in that it may lead to enhanced restitution to the victim of that offense.
 

 Identification of coparticipants may also provide information that would enable the court to define rehabilitative no-contact orders. It, thus, relates to appellant’s potential for future criminality which might be diminished by compliance with such orders. The requirement that appellant identify his confederates asks him to sever the bonds of loyalty to associates who may have engaged with him in criminal activity. Appellant’s arguments to the contrary notwithstanding, it is quite reasonable to believe that separating a juvenile from delinquent peers will have some tendency to reduce the likelihood of future participation in criminal activity. (See
 
 In re Laylah K.
 
 (1991) 229 Cal.App.3d 1496, 1500-1502 [281 Cal.Rptr. 6] [prohibiting minor from associating with known gang members is reasonably related to avoidance of future criminality].) Furthermore, if appellant’s confederates are apprehended and afforded rehabilitation in the juvenile justice system, it may also reduce the probability that appellant and they will resume their individual or collective criminal activities upon release. Put another way, satisfaction of the challenged condition would evidence appellant’s willingness to assume the duties and behavior of a responsible, law-abiding citizen.
 

 Our conclusion on this point finds support in
 
 Roberts
 
 v.
 
 United States
 
 (1980) 445 U.S. 552 [100 S.Ct. 1358, 63 L.Ed.2d 622]
 
 (Roberts).
 
 In
 
 Roberts,
 
 
 *7
 
 the defendant contended that the sentencing court erred by considering his refusal to identify other members of the drug-dealing conspiracy of which he was convicted, claiming his refusal was justified by legitimate fears of physical retaliation. Like appellant, the defendant in
 
 Roberts
 
 argued that his failure to cooperate was not relevant to the goals of sentencing. The United States Supreme Court rejected this argument, reasoning as follows: “[G]ross indifference to the duty to report known criminal behavior remains a badge of irresponsible citizenship, [fl This deeply rooted social obligation is not diminished when the witness to crime is involved in illicit activities himself. Unless his silence is protected by the privilege against self-incrimination, ... the criminal defendant no less than any other citizen is obliged to assist the authorities. ... By declining to cooperate, petitioner rejected an ‘[obligation] of community life’ that should be recognized before rehabilitation can begin. [Citation.] Moreover, petitioner’s refusal to cooperate protected his former partners in crime, thereby preserving his ability to resume criminal activities upon release. Few facts available to a sentencing judge are more relevant to ‘ “the likelihood that [a defendant] will transgress no more, the hope that he may respond to rehabilitative efforts to assist with a lawful future career, [and ] the degree to which he does or does not deem himself at war with his society.” ’ ”
 
 (Roberts, supra,
 
 445 U.S. at p. 558 [100 S.Ct. at p. 1363].)
 

 Appellant correctly notes, however, the
 
 Roberts
 
 court’s further holding that the sentencing court should consider and weigh, if raised, any issues related to a possible claim of self-incrimination or fear of retribution in possible mitigation of his refusal to cooperate.
 
 (Roberts, supra,
 
 445 U.S. at pp. 559-560 [100 S.Ct. at p. 1364].) Appellant clearly did not and does not object to the subject condition on Fifth Amendment grounds. In any event, where such a claim is raised for the first time on appeal, it should be met with a large measure of skepticism, and deemed waived.
 
 [5]
 

 (Roberts, supra,
 
 at pp. 559-560 [100 S.Ct. at p. 1364].)
 

 On the other hand, appellant did voice concern about possible retaliation and contends that his showing was sufficient to invalidate the condition that he identify his coparticipants. At a minimum, appellant contends that his claim about fears of retaliation “merited serious consideration”
 
 (Roberts, supra,
 
 445 U.S. at p. 559 [100 S.Ct. at p. 1363]), but were instead given short shrift by the trial court. Appellant points to the commissioner’s statement that he “should have thought about that before he committed an offense.”
 

 
 *8
 
 We agree with appellant, and with
 
 Roberts,
 
 that the trial court is required to take into consideration his stated concerns about retaliation. We disagree, however, that the juvenile court abused its discretion by requiring cooperation in this case. While the commissioner’s statement may reflect a lack of appropriate consideration to possible retaliation,
 
 [6]
 
 her ruling was subject to independent review by the juvenile court. Although the juvenile court did not explain its reasoning, it certified that it read and reviewed the entire record of the proceedings before the commissioner and found her orders to be supported by the evidence presented at the dispositional hearing.
 
 [7]
 

 Appellant further contends that the challenged probation condition is invalid under
 
 Lent
 
 because, to the extent it relates to the offense for which he was held responsible, it is unreasonable in proportion to the offense committed.
 
 (Lent, supra,
 
 15 Cal.3d at p. 486.) Appellant claims that compelling him to reveal the names of his confederates would expose him to a “genuine risk of retaliation, including great bodily injury or death.” This argument is not supported by the record. Appellant’s counsel simply asserted, without any evidence, that appellant’s father had received threatening telephone calls. There is no showing of the nature of the threats, or even to whom they were directed, and no reason to believe that a couple of juveniles who may have participated with appellant in a relatively minor, nonviolent property crime, with no indication of gang affiliation, drug use or trafficking, or weapons use, would pose such a serious danger to appellant.
 

 Finally, appellant contends that the juvenile court order constitutes “retribution” because it punishes him with a heavier sentence because of his refusal to identify his confederates. Appellant correctly notes that, while punishment is now authorized as an objective of a juvenile court dispositional order, retribution is not. (§ 202, subd. (e).) The term “retribution,” as it is used in section 202, is not defined by the statute. It is reasonably clear, however, that a probation condition which is imposed simply as revenge for the juvenile’s offense, would be invalid under the statute. (See, e.g.,
 
 In re Ismael A.
 
 (1989) 207 Cal.App.3d 911, 917-918 [255 Cal.Rptr. 126];
 
 In re Michael D.
 
 (1987) 188 Cal.App.3d 1392, 1396 [234 Cal.Rptr. 103].) The same might be said if the juvenile court imposed the condition to punish the minor for asserting his Fifth Amendment rights against self-incrimination, or knowingly exposed the minor to a serious threat of physical harm.
 
 (Roberts, supra,
 
 445 U.S. at p. 559 [100 S.Ct. at p. 1363].) But, as we have discussed,
 
 *9
 
 that is not this case. To the extent appellant infers such an improper motive on the part of the juvenile court here, we do not find it so.
 

 In the absence of such considerations, the juvenile court has broad discretion to set a term of confinement for a ward, up to the maximum term of imprisonment provided by statute for an adult convicted of the offense which brought the ward into or continued the ward under the jurisdiction of the juvenile court. (See
 
 In re Jovan B.
 
 (1993) 6 Cal.4th 801, 809 [25 Cal.Rptr.2d 428, 863 P.2d 673]; §§ 725, 726.) Where it has acted well within the limits of that discretion,
 
 [8]
 
 as here, we will not second-guess the decision of a juvenile court to set a shorter period of confinement in consideration of a minor’s cooperation with law enforcement officials, or to impose a longer term of confinement based on a determination that the minor needs to be impressed with the seriousness of his conduct and his unwillingness to accept the most basic responsibilities of citizenship. In sum, we conclude that the challenged condition is “reasonable” within the meaning of both section 730 and
 
 Lent, supra,
 
 15 Cal.3d 481, and that it does not violate any policy of the juvenile court law stated in section 202.
 

 Conclusion
 

 For all the foregoing reasons, the dispositional order of the trial court is affirmed.
 

 Corrigan, J., and Parrilli, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied August 27, 1997.
 

 [1]
 

 All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
 

 [2]
 

 In
 
 People
 
 v.
 
 Harvey
 
 (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], the court held that a trial court could not consider facts behind dismissed counts for sentencing purposes. The phrase
 
 “Harvey
 
 waiver” means the defendant has agreed that the court may consider facts behind dismissed or uncharged counts. (See
 
 People
 
 v.
 
 Beck
 
 (1993) 17 Cal.App.4th 209, 215 [21 Cal.Rptr.2d 250].)
 

 *
 

 See footnote,
 
 ante,
 
 at page 1.
 

 [4]
 

 Appellant asserts it is obvious that the challenged condition “ . . relates to conduct which is not in itself criminal ....’”
 
 (Lent, supra,
 
 15 Cal.3d at p. 486.) We agree. Respondent does not seriously contend otherwise.
 

 [5]
 

 Of course, appellant expressly waived his Fifth Amendment right against self-incrimination with respect to the incident for which he was detained when he admitted the allegations of count 2.
 

 [6]
 

 We note, however, the commissioner’s effort to reduce any risk to appellant by ordering the probation department to maintain his anonymity should he identify his confederates.
 

 [7]
 

 Since the weekend placement condition was stayed pending this appeal, upon remand appellant may, if circumstances have changed, renew his concerns about retaliation in the juvenile court by appropriate motion heard prior to reinstatement of the weekend commitments.
 

 [8]
 

 Appellant concedes that 15 weekends of confinement in juvenile hall, standing alone, is a reasonable condition of probation in this case.