Filed 5/15/14  In re J.H. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| In re J.H., a Person Coming Under the Juvenile Court Law. | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.H.,<br><br>        Defendant and Appellant. | A140166<br><br>(Alameda County<br>Super. Ct. No. OJ06005306) |

**INTRODUCTION**

In this appeal, we are again asked to review probation conditions imposed in a delinquency case by the juvenile court. Here the challenged condition imposed by the court was "[appellant] is going to be subject to a four-way search clause. That's consent to search of his person, vehicle, room and property under his control, place of residence, and locker at his placement at any time of the day or night, with or without a search warrant and with or without probable cause." Following cases such as *In re Josh W.* (1997) 55 Cal.App.4th 1 and *In re R.V.* (2009) 171 Cal.App.4th 239, we affirm, acknowledging the broad discretion juvenile court judges have in imposing conditions that ensure rehabilitation of the minor.

**STATEMENT OF THE CASE**

A juvenile wardship petition was filed on February 21, 2013, alleging the minor J.H. committed misdemeanor battery pursuant to Penal Code section 242. On April 10,

2013, the minor was placed on informal probation by the court without adjudging appellant a ward. (Welf. & Inst. Code, § 654.2.)

On October 9, 2013, the juvenile court set aside its order of April 10, 2013, remanding appellant to a secure facility.

On October 16, 2013, the wardship petition was amended to allege a violation of Penal Code section 415 (disturbing the peace). The parties stipulated this offense was a lesser included offense of the original offense of battery. The minor admitted the allegation.

On October 23, 2013, the court placed appellant on probation without declaring wardship, subject to several terms and conditions. On October 31, 2013, appellant appealed in a timely fashion.

## STATEMENT OF FACTS

A review of the probation report filed on October 23, 2013 reveals the details of the minor's conduct. On January 13, 2013, appellant was involved in a verbal argument with his mother because she would not allow him to visit a neighbor. The mother was concerned about the character of the neighbors and that they used drugs. Appellant then proceeded to punch his 17-year-old sister, push his mother and shove his younger brother. He also threw glassware at his mother and siblings' heads. The police were called and placed the minor in custody under Welfare and Institutions Code section 5150 to calm him down. The following day, the hospital contacted the mother to pick up her child. She was unwilling to take custody of appellant because she feared for her safety and that of the other children in the household. The mother met with the staff at Fremont Hospital on January 15, 2013 to develop a plan for appellant. All agreed the minor should remain in a form of confinement approved by the agency. On January 16, 2013, appellant was placed at Refuge Group Home.

On February 19, 2013, police were summoned to Refuge Group Home to investigate a fight at the site. The reporting party, Breana Owens, stated appellant got

2

into a fight with another resident and that Owens wanted appellant arrested for this. The victim of the assault told police that appellant kept provoking the victim to hit him that evening. Eventually, appellant, when the provocation was not successful, punched the victim in the jaw. He continued to hit the victim several more times. The reporting officer saw marks on the face of the victim as well as a scratch on appellant.

On October 6, 2013, the Shasta County Sheriff's Office was called to Victor Youth Services to handle a problem. A member of the staff told the sheriffs that appellant had damaged a television, car windshield and barbeque grill at the facility. Appellant had also bitten another resident in the arm. When another person tried to restrain appellant, he sustained a muscle strain in the struggle. The Victor Youth Services staff also advised police the appellant had made numerous threats to the personnel at the location, sometimes physically assaulting them, and had run away on at least one instance, in addition to causing extensive property damage at the location.

The October referral was the first time juvenile probation had been asked to assess the problems created by the appellant. They determined the minor had low impulse control, poor anger management and posed a danger to himself and the community. While lacking criminal sophistication, appellant needed to be placed on probation without wardship. He had to be placed in a structured setting to deal with serious emotional and psychological issues.

The trial court believed the imposition of search conditions would assist the minor in controlling his behavior during the period of his supervision. It should be noted that, preceding the fight at Refuge, appellant obtained and threatened to use an elastic cord on the victim in that incident before the fight began.

## DISCUSSION

We begin our review here with the recognition that the trial court, especially in delinquency cases, may impose on a minor "any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and

3

rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) We affirm the fact that a "juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation . . . so long as it is tailored to specifically meet the needs of the juvenile." (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5.) A probation condition will only be found invalid if it " '(1) has *no* relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*People v. Lent* (1975) 15 Cal.3d 481, 486, emphasis added, superseded by statute on another point.)

Here we are dealing with a minor engaging in escalating misconduct directed at his family and custodial supervisors—in other words, people that youths generally respect and obey. We have to believe the trial court was concerned about the critical disregard appellant demonstrated when disciplined by his mother or told by group home managers to obey the rules; this is a youth who was only 13 years old and had been in and out of group homes since 2006.

A common condition of probation is the imposition of a search condition. To most members of the criminal justice system, it is a recognized means to deter future criminal conduct because it is designed to suppress the inclination to possess contraband or weapons while the probationer is attempting to reform. When one is placed on probation for aggressive misbehavior, especially a juvenile, it seems appropriate he or she should be subject to search conditions so as to avoid using weapons or having contraband on their person or in their residence. We cannot say the court below abused its discretion in imposing this condition here. Simply put, we see nothing wrong with the search condition imposed based on the facts of this case.

## DISPOSITION

We affirm the condition and therefore the judgment.


_____
Dondero, J.


We concur:


_____
Margulies, Acting P.J.


_____
Becton, J.*

_____

\* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.