Filed 6/24/14  In re C.C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re C.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>C.C.,<br><br>        Defendant and Appellant. | F067898<br><br>(Super. Ct. No. 513395)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nan Cohan Jacobs, Judge.

Holly Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Kane, Acting P.J., Poochigian, J., and Detjen, J.

# INTRODUCTION

On August 13, 2013, a petition was filed pursuant to Welfare and Institutions Code section 602, alleging that appellant, C.C., committed the following misdemeanor offenses:  vandalism (Pen. Code, § 594, subd. (b)(2)(A), count 1) and receiving stolen property (Pen. Code, § 496, subd. (a), count 2).  On August 21, 2013, appellant waived her rights and admitted count 2.  Count 1 was dismissed.

Appellant was declared a ward of the court and placed on probation.  Appellant was ordered to spend 45 days in juvenile hall, with 15 of those days in home detention.  Appellant contends there was insufficient evidence of her involvement in gangs to support the gang conditions of her probation.

Among the conditions of probation were the following gang-related conditions stating that appellant was advised as follows:

> "You are not to be a member of any gang, act in furtherance of, in association with or for the benefit of any gang or participate in any gang activity;

> "You are not to associate or communicate with any person known by you to be a gang member or anyone with whom you know a parent, guardian, or probation officer prohibits association, including but limited to Norteños;[1]

> "And you are not to display any hand signs known by you to have gang significance;

---

[1]    There is a conflict between the orally pronounced conditions of probation and the written conditions of probation.  The written conditions of probation state: "including but *not* limited to Norteños."  (Italics added.)  The court either misspoke, or the court reporter did not accurately transcribe the juvenile court's findings.  Either way, we find that appellant is bound by the written conditions of probation.  There are also other minor, unsubstantial variations between the conditions as announced by the juvenile court and the written conditions.

2

"You are not to be in any areas where gang members are known by you to meet or get together or areas known by you for gang-related activity or areas specified by Probation as involving gang-related activity;

"You are not to wear or possess any clothing, item or paraphernalia known by you to have gang significance or what is known by you to be indicia of gang membership or which have been identified as gang clothing, items, or paraphernalia by Probation, including but not limited to colors, symbols, insignias, emblems, numbers, rags, monikers, patterns, photos, music items, CDs, writings and any red clothing and accessories …."

## FACTS

At about 5:30 p.m. on February 22, 2013, a police officer was dispatched to investigate a prior residential burglary. The victim reported that while at school, he checked his Facebook account and discovered someone posting pictures wearing some of his stolen clothing and shoes. The victim recognized the person wearing his clothing as appellant.

When officers arrived at appellant's home, appellant's mother let them inside to search the residence. Officers heard loud noises from the back of the residence and discovered that appellant had jumped out of a window and was running away. The officers found the victim's stolen property in appellant's bedroom.

Appellant admitted occasional drug and alcohol use to the probation officer. Appellant also admitted association with the Northerners gang but denied being a member of the Northern gang. Appellant's stepmother also believed that she had friends who were associates or members of the Norteño gang.

## CONDITIONS OF PROBATION

Appellant challenges three conditions of probation for being unconstitutionally vague and overbroad.

Our Supreme Court has explained that juvenile courts have wide discretion to select and impose any condition that is reasonable and fitting to accomplish justice as well as reformation and rehabilitation of the minor. Although adult and juvenile

3

probationers share the goal of rehabilitation of the offender, probation for minors is not an act of leniency as it is with adults. A condition of probation that would be unconstitutional for an adult probationer may be permissible for a minor under the supervision of the juvenile court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) The juvenile court has broad discretion to select appropriate probation conditions. (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5.)

Appellant admitted that she had friends who were members or associates of the Norteño gang. We, therefore, reject appellant's assertion that there was no basis for the juvenile court to place conditions of probation related to gang membership.

We further note, however, that although the juvenile court's orders prohibiting appellant's membership and association with gang members had a requirement that she have knowledge that her potential associates were members of a gang, the gang restriction itself did not define a gang as it is set forth in Penal Code section 186.22, subdivisions (e) and (f). In *People v. Lopez* (1998) 66 Cal.App.4th 615, 630-634 (*Lopez*), this court held that the term "gang," by itself, was too unconstitutionally vague to give a defendant proper notice of those he or she could not associate with. *Lopez* held that the proper remedy was to order the modification of the gang association condition by including reference to gangs as defined by Penal Code section 186.22, subdivisions (e) and (f). (*Lopez*, *supra*, at p. 634.) We will do so here.

## DISPOSITION

The case is remanded to the juvenile court to modify the gang terms and conditions of prohibition to define the term "gang" in each such condition to the definition set forth in Penal Code section 186.22, subdivisions (e) and (f). The orders of the juvenile court are otherwise affirmed.

4