Filed 10/27/14  P. v. Ruiz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JORGE ALBERTO RUIZ,<br><br>    Defendant and Appellant. | F066887<br><br>(Super. Ct. Nos. F12904698 & F12904699)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Cornell, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

Appellant/defendant Jorge Alberto Ruiz pleaded no contest in two separate cases pursuant to a negotiated disposition and was sentenced in accordance with that disposition. On appeal, his appellate counsel has filed a brief which summarizes the facts, with citation to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

### Case No. F12904699

On the afternoon of September 4, 2011, defendant was watching his three-week old child at the residence where he lived with his girlfriend, the child's mother. The mother returned within 30 minutes and discovered the child was limp and not breathing. Defendant called 911 and attempted CPR. The paramedics responded and took the baby to the hospital.

The child was diagnosed with bilateral hematoma, retinal hemorrhaging, and two fractured ribs. The attending physician believed the child was the victim of an "abusive head trauma" consistent with being violently shaken. The physician ruled out CPR as possibly causing the injuries, and determined the injuries resulted from an act of violence.

Defendant initially stated he rocked the baby forward and back, and then up and down, and demonstrated that he did it fairly hard. Defendant admitted he shook the baby a few days earlier. The mother stated that during the earlier incident, defendant was frustrated and yelling at the baby because he would not stop crying. Defendant said he shook the baby back and forth about four times, using a medium to hard shaking motion.

Defendant was charged with count I, child abuse (Pen. Code, § 273a, subd. (a)),[1] with an enhancement for inflicting great bodily injury on a victim under the age of five years (§ 12022.7, subd. (d)).

---

[1] All further statutory citations are from the Penal Code unless otherwise indicated.

**Case No. F12904698**

On the morning of January 24, 2012, defendant's former girlfriend and mother of the baby in case No. F12904699 (the "victim"), took a bus to attend a parenting class near Fashion Fair Mall. Her child was in foster care, and she was no longer in a relationship with defendant.[2] She had obtained a restraining order against defendant because of previous incidents of domestic violence.

When she got off the bus, she was surprised to see defendant waiting for her. Defendant said he wanted to attend the parenting class with her. She told defendant to leave, she did not want to talk to him, and reminded him about the restraining order. Defendant grabbed her by her clothing, picked her up, and carried her toward the Forever 21 department store, about 50 to 60 yards away. He carried her behind a large brick planter that was hidden from view. Defendant touched her breasts and private parts over her clothing. He tried to hold and kiss her, and kept saying he just wanted to talk and be with her.

She yelled, screamed, and kept trying to push defendant away. Defendant covered her mouth to keep her quiet. He placed her on the ground behind the planter and lowered her pants and underwear. Defendant touched and penetrated her vagina with his finger.

She continued to yell and scream for help, but defendant kept his hand over her mouth. He lowered his pants and tried to have intercourse with her. He rubbed against her body, but he could not complete the sexual act.

The police eventually responded to her cries for help. Defendant pulled up his pants and walked toward the officers. She was still lying behind the planter, and she was screaming and crying. An officer ordered defendant to sit down. Defendant kept walking and said: "I did not do nothing. I did not do anything to her." Defendant

---

[2] According to the probation report, the child was later returned to the mother's custody and had developmental delays.

walked toward the planter and reached for a metal pipe that was sticking out of it. The officer again ordered defendant to sit down. Defendant failed to comply. The officer hit defendant with his baton and ordered him to step away from the pipe. Defendant attacked the officer, gained control of the baton, and a struggle ensued. The officer placed defendant in handcuffs with the assistance of mall security.

Defendant later gave a statement to the police, admitted that he sexually assaulted the victim because he was frustrated about their relationship, and said he did not know what he was thinking. Defendant said he knew he was wrong and wanted to apologize to the victim. She told the police she was afraid of defendant.

Defendant was charged with count I, sexual penetration by force, violence, or duress (§ 289, subd. (a)(1)(A)); count II, attempted rape by force or fear (§§ 664/261, subd. (a)(2)); count III, kidnapping (§ 207, subd. (a)); and count IV, resisting an executive officer (§ 69).

## Pleas and Sentencing

On December 19, 2012, defendant entered pleas in both cases. In case No. F12904699, defendant pleaded no contest to count I, child abuse, and admitted the great bodily injury enhancement, for a stipulated midterm of four years plus a consecutive term of five years for the enhancement.

In case No. F12904698, he pleaded no contest to count I, sexual penetration by force, violence or duress, for a stipulated upper term of eight years, to be served concurrently with the term imposed in case No. F12904699. The court dismissed the remaining charges.

On January 23, 2013, the court sentenced defendant to the midterm of four years for child abuse, plus a consecutive term of five years for the great bodily injury enhancement, for an aggregate term of nine years in case No. F12904699. The court imposed a concurrent term of eight years for sexual penetration in case No. F12904698. The court ordered defendant to register as a sex offender. It also imposed a restitution

4.

fine of $2,520 pursuant to section 1202.4, and another fine of $2,520 pursuant to section 1202.45, which it stayed pending successful complication of parole.

**Notice of Appeal**

On March 21, 2013, defendant filed a timely notice of appeal in case No. F12904699, and requested a certificate of probable cause; the superior court granted the request.

On May 13 and June 3, 2013, defendant filed motions for this court to construe the notice of appeal to include case No. F12904698. On June 10, 2013, this court granted the motions.

**Correction of the Record**

On April 16, 2013, defendant filed a motion in the superior court to recall his sentence to correct the calculation of his presentence credits. On May 8, 2013, the superior court granted the motion and corrected defendant's presentence credits.

As a separate matter, defendant filed a motion with the superior court to amend and correct the record as to the order to register as a sex offender. At the sentencing hearing, the court ordered defendant to register as a sex offender pursuant to section 290. However, the minute order and the abstract of judgment erroneously stated the registration order was imposed pursuant to section 290.1.

On August 23, 2013, the superior court filed an amended minute order to clarify the registration order was imposed pursuant to section 290. On September 4, 2013, the court filed an amended abstract of judgment which corrected defendant's credits and the legal authority for the registration order.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on August 29, 2013, we invited defendant to submit additional briefing. To date, he has not done so.

5.

## *Restitution fine*

We will address an issue that defendant raised before the superior court while this case was pending on appeal. In addition to requesting correction of his credits and the registration order, defendant also requested the superior court to correct the amount of the restitution fine. Defendant believed the court calculated the restitution fine of $2,520 based on a minimum statutory amount of $280 multiplied by the aggregate sentence of nine years imposed for the sexual assault committed on January 24, 2012, in case No. F012904699.

Defendant advised the superior court that the minimum restitution fine was $240 for an offense committed in 2012, and the minimum fine increased to $280 in 2013. (§ 1202.4, subd. (b)(1).) Defendant stated the fine should have been $2,160 ($240 multiplied by nine years). Defendant argued the court erroneously imposed an excessive fine that was statutorily unauthorized and requested amendment of the abstract of judgment to reduce the fine.

As noted above, the superior court filed an amended abstract of judgment on September 4, 2013. It corrected defendant's credits and clarified the legal authority for the registration order. However, it did not modify or reduce the restitution fine.

Defendant has not raised this issue on appeal. We note that section 1202.4, subdivision (b)(1) states:

> "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, *the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013*, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000)." (Italics added.)

Even assuming arguendo the superior court intended to calculate the restitution fine based on the statutory minimum, defendant has forfeited any challenge to the amount by failing to object at the sentencing hearing. (*People v. White* (1997) 55 Cal.App.4th

6.

914, 917; *People v. Scott* (1994) 9 Cal.4th 331, 356; *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

In his letter to the superior court, defendant claimed the fine constituted an unauthorized sentence. An unauthorized sentence may be corrected at any time, whether or not the defendant objected in the trial court. (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.) "The unauthorized sentence exception is 'a narrow exception' to the waiver doctrine that normally applies where the sentence 'could not lawfully be imposed under any circumstance in the particular case,' for example, 'where the court violates mandatory provisions governing the length of confinement.' [Citations.] The class of nonwaivable claims includes 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings.' " (*People v. Brach* (2002) 95 Cal.App.4th 571, 578; *People v. Turrin*, *supra*, at p. 1205.)

Under the version of section 1202.4 in effect when defendant committed the sexual assault, the superior court had discretion to impose any amount greater than $240 and less than $10,000. Defendant's fine clearly falls within the permissible range; therefore, the fine is not a sentence that " 'could not lawfully be imposed under any circumstances....' " (*People v. Brach, supra,* 95 Cal.App.4th 571, 578; *People v. Turrin*, *supra*, 176 Cal.App.4th at p. 1205.)

After independent review of the record, we find that no other reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.