Filed 1/21/15  In re Israel G. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ISRAEL G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ISRAEL G.,<br><br>    Defendant and Appellant. | G049030<br><br>(Super. Ct. No. DL044497)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Richard Y. Lee, Judge.  Affirmed as modified.

Esther K. Hong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

The court found true an allegation that Israel G., a minor, had committed second degree robbery and placed him on probation. The minor contests three probation conditions as vague and overbroad. We find the conditions, with a few minor modifications, pass constitutional muster, and we therefore affirm the order as modified below. The minor also requests we modify one condition to accurately reflect the court's oral disposition, which we shall also order.

I

FACTS

In April 2013, the Orange County District Attorney filed a petition pursuant to Welfare and Institutions Code section 602, alleging the minor, who was 13 years old at the time, had committed second degree robbery. (Pen. Code, § 211, 212.5, subd. (c)). In August, during a jurisdictional hearing, the court heard testimony that the minor and his cousin approached Gabriel T. (age 11) and Brian O. (age 14). Gabriel was standing in front of Brian's bicycle, and the minor demanded it. Based on the belief the minor was going to hit him if he refused, Gabriel gave the minor the bicycle. Brian later identified the minor in a photo lineup.

When interviewed, the minor admitted he intimidated the victim into giving him the bicycle. He intended to sell it for a profit. After the hearing's conclusion, the juvenile court found the petition true. The minor was declared a ward and placed on probation. The minor now appeals several conditions of his probation.

II

DISCUSSION

We review probation conditions for abuse of discretion. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.) The juvenile court may "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf.

2

& Inst. Code, § 730, subd. (b). "A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile. [Citation.] That discretion will not be disturbed in the absence of manifest abuse. [Citation.]" (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5.)

The minor contends three conditions of his probation are vague and unconstitutionally overbroad: 1) "to maintain a residence approved by the probation officer and notify the probation officer of any change of address within 48 hours," 2) a provision ordering the minor "to not use force, threats, of violence on another person," 3) to "seek and maintain suitable employment or vocational training and provide proof of employment and enrollment and attendance as directed by a probation officer." We address each in turn.

*Residence Condition*

By failing to object below, the minor has forfeited all claims except a challenge "based on the ground the condition is vague or overbroad and thus *facially* unconstitutional." (*In re Sheena K.* (2007) 40 Cal.4th 875, 878, italics added.)

The minor argues this term is unconstitutionally overbroad because in addition to being placed on probation, he was placed into the custody of his parents. By requiring preapproval for the parents to change their residence, he argues, the court overreached. The Attorney General concurs that a modification to this provision is appropriate. We therefore modify the provision to add the following sentence: "Nothing in this provision shall prohibit minor's parents from changing their residence without prior approval of the Court or Probation Officer." The parties quibble over whether the provision should state "their *and minor's* residence . . . ." Assuming the minor remains in

3

the custody of the parents, this goes without saying — if the parents' residence changes, so will the minor's. If, however, the parents were to decide to appoint a guardian and move the minor's residence, then court and/or probation supervision of such a move would be appropriate. Thus, the more limited language referring to the parents only is appropriate.

*Violence Condition*

With respect to the provision stating he shall not "use force, threats, or violence on another person," the minor argues it is overbroad because it includes no provision for self-defense and infringes on his right to freedom of speech because it enjoins all threats rather than merely criminal ones. The Attorney General suggests adding "except in lawful self-defense or in the exercise of a constitutional right," but the minor responds this would exclude such activities as, for example, karate lessons or school-sponsored wrestling matches. He suggests adding "unlawfully" instead, and given our hope that the minor would avail himself of those or other similar positive activities, we agree. The provision is therefore modified to state: "Minor to not unlawfully use force, threats, or violence on another person."

*Employment Condition*

Finally, the minor argues the provision requiring him to seek employment or vocational training infringes on his right to an education. Indeed, the court also ordered the minor to attend school. The minor would prefer this provision stricken altogether. We can think of several valid reasons behind this provision, such as the fact the minor's offense was economically motivated, and requiring employment would deter future such acts. This was within the court's discretion and we therefore decline to strike the provision.

4

Alternatively, the minor suggests, and the Attorney General agrees, the provision can be modified as follows: "Minor to seek and maintain suitable employment or vocational training outside of school hours and in accordance with state labor laws and provide proof of employment and enrollment and attendance as directed by the probation officer."

Related to this provision, the minor requests the court correct the minute order regarding the school attendance provision. The minute order states: "Minor to attend school as approved by probation without unexcused absence and report any absence by 10:00 am the same day or seek and maintain employment as directed by probation officer." The parties agree to this language as well as the fact that the language after "same day" was not part of the court's order with respect to school attendance, as school attendance and employment were addressed separately in the court's disposition. The employment and school attendance provision are therefore modified accordingly.

III

DISPOSITION

The probation order is modified as follows: 1) The residence condition shall add the following sentence to the end: "Nothing in this provision shall prohibit Minor's parents from changing their residence without prior approval of the Court or Probation Officer." 2) The violence provision is modified as follows: "Minor to not unlawfully use force, threats, or violence on another person." 3) The employment condition is modified to state: "Minor to seek and maintain suitable employment or vocational training outside of school hours and in accordance with state labor laws and provide proof of employment and enrollment and attendance as directed by a probation officer." 4) The school attendance provision is modified to state: "Minor to attend school as approved by probation without unexcused absence and report any absence by

5

10:00 am the same day or seek and maintain employment as directed by probation officer."

In all other respects, the order is affirmed.

                                        MOORE, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.