Filed 1/30/15  In re A.J. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re A.J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.J.,<br><br>        Defendant and Appellant. | A140927<br><br>(Alameda County<br>Super. Ct. No. SJ13021920-01) |

As a condition of probation, the juvenile court required A.J. (appellant) to name the co-participants in the burglary that resulted in him being adjudged a ward of the court. On appeal, appellant contends the probation condition violates his Fifth Amendment right to remain silent and is unconstitutionally vague.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

On the morning of November 8, 2013, the Oakland police received a report of a residential burglary in progress.  An officer who responded to the scene of the burglary saw four African-American males standing in the corner of the home's backyard speaking in "hushed voices."  One of the males was wearing jeans, a gray hoodie with "GAP" emblazoned on the front, and a multi-colored, striped New York Knicks beanie.

---

[1]Because appellant was declared a ward of the court as a result of a plea, the relevant facts are taken from the police reports.

When the four individuals saw the officer, they ran away. The officer pursued the males but ultimately lost sight of them. Another officer reported that he had detained a possible suspect nearby. The officer who first responded to the scene of the burglary immediately recognized the suspect, identified as appellant, as one of the males that fled from the backyard of the burglarized home. Appellant was wearing blue jeans, a gray hoodie bearing the word "GAP," and a multi-colored New York Knicks beanie. He also had in his possession a backpack containing items stolen from the burglarized home, including a laptop computer and a camera, among other items. Appellant stated that "some people" had given him the backpack and that the contents were not his.

The Alameda County District Attorney filed a juvenile wardship petition charging appellant with burglary (Pen. Code, § 459) and receiving stolen property (Pen. Code, § 496, subd. (a)). Appellant admitted the charge of receiving stolen property at the jurisdictional hearing. On the motion of the district attorney, the juvenile court dismissed the burglary charge. At the dispositional hearing, the court adjudged appellant a ward of the court and placed him on probation in the home of his mother subject to various terms and conditions. As relevant here, the juvenile court required appellant as a condition of probation to provide the names of his co-participants in the burglary. Appellant filed a timely notice of appeal.

## DISCUSSION

### 1. *Fifth Amendment Right Against Self-Incrimination*

Appellant contends the condition of probation requiring him to identify the co-participants in the crime violates his right against self-incrimination under the Fifth Amendment. We disagree.

As an initial matter, we note that the Attorney General argues that appellant forfeited his claim of error by failing to assert the privilege against self-incrimination at the time the condition was imposed. The Attorney General relies on the principle that the privilege against self-incrimination is not self-executing and generally must be claimed by the party seeking to invoke its protections. (*Minnesota v. Murphy* (1984) 465 U.S. 420, 427 (*Murphy*).) For his part, appellant contends the constitutional issue has not been

2

forfeited because it presents a pure question of law that can be easily remedied on appeal by striking or amending the condition of probation. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889.) We will assume without deciding that the issue is properly before us on appeal.

Turning to the merits of the claim, appellant contends the condition violates his right to remain silent "because it requires him to incriminate himself in the alleged offenses." He argues that by "naming the other involved people, [he] would also be admitting to his involvement in the burglary and his possession of the stolen property, which is a direct violation of his Fifth Amendment rights."

Appellant's claim fails because there is no basis for assertion of the privilege against self-incrimination "where there can be no further incrimination . . . ." (*Mitchell v. United States* (1999) 526 U.S. 314, 326.) There is no violation of the Fifth Amendment's privilege against self-incrimination unless any compelled statements are actually used in a criminal case against the witness.[2] (*Chavez v. Martinez* (2003) 538 U.S. 760, 769 (plur. opn. of Thomas, J.).) Appellant has already admitted receiving stolen property and cannot be re-prosecuted for that offense. Further, he expressly waived his Fifth Amendment right against self-incrimination with respect to the incident for which he was detained when he admitted the charge of receiving stolen property. (See *In re Josh W.* (1997) 55 Cal.App.4th 1, 7, fn. 5.) As to the dismissed burglary charge, appellant cannot be prosecuted for that crime because the failure to prosecute counts transactionally related to the charge of possessing stolen property precludes further prosecution for any such crimes. (*Kellett v. Superior Court* (1966) 63 Cal.2d 822, 827.) Consequently, even if the identification of co-participants amounts to an admission that appellant possessed stolen property and was involved in the burglary, the admission does not violate his Fifth

---

[2]It is constitutionally permissible, however, to use appellant's statement at a probation revocation hearing because that is not considered a criminal proceeding for purposes of applying certain constitutional protections afforded to criminal defendants. (*Murphy, supra,* 465 U.S. at p. 435, fn. 7.)

Amendment rights because appellant can suffer no further penal consequences as a result of the admission.

Appellant's reliance on *Mitchell v. United States, supra,* 526 U.S. 314 is misplaced. There, the sentencing court drew an adverse inference from the defendant's decision to remain silent during sentencing and imposed a greater sentence as a result. (*Id.* at p. 319.) The United States Supreme Court held the defendant retained the privilege against self-incrimination at the sentencing hearing despite her earlier guilty plea and could not be compelled to give testimony that could increase her sentence. (*Id.* at pp. 327–328.) Here, unlike in *Mitchell,* the court imposed the disposition without requiring appellant to testify at sentencing and without drawing any adverse inferences from a failure to testify. Appellant was not subjected to a harsher punishment as a result of a failure to testify.

We observe that a longstanding decision of this court, *In re Josh W., supra,* 55 Cal.App.4th at page 4, concluded that a condition similar to the one here was reasonably related to a proper rehabilitative objective. In *Josh W.,* a juvenile was placed on probation for one year on the condition that he be committed to juvenile hall for 15 weekends unless and until he revealed the identity of the other participants in the crime. (*Id.* at pp. 4–5.) Among other things, the appellate court rejected the notion that the condition was imposed to punish the minor for asserting his right against self-incrimination. (*Id.* at pp. 8–9.) Notably, appellant does not discuss or even cite *Josh W.* Although the minor in *Josh W.* did not raise the constitutional issue appellant pursues on appeal here, the appellate court nonetheless briefly addressed the Fifth Amendment issue in dicta. (See *id.* at p. 7 & fn. 5.) It is telling that, in the nearly 20 years since *Josh W.* was decided, no published decision has suggested the type of probation condition approved by that case violated a minor's Fifth Amendment right against self-incrimination.

In his reply brief on appeal, appellant argues that identifying co-participants may cause him to be prosecuted for additional crimes unrelated to the incident in this case. We would be justified in treating this argument as waived because it was raised for the

4

first time in a reply brief.  (See *People v. Newton* (2007) 155 Cal.App.4th 1000, 1005.)  In any event, the argument is meritless.  There is nothing in the record to suggest that revealing the identities of co-participants will yield evidence of additional crimes.  Appellant's belated claim that identification of co-participants in this one instance might somehow lead to the prosecution of appellant for unrelated crimes is speculative at best.  Moreover, it is well settled in the probation context that "a [s]tate may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination."  (*Murphy, supra,* 465 U.S. at p. 435, fn. 7.)  Should any attempt be made to prosecute appellant as a consequence of disclosures he is compelled to make as a condition of probation, appellant is free to seek suppression of the fruits of his admission on Fifth Amendment grounds.  (See *United States v. Saechao* (9th Cir. 2005) 418 F.3d 1073, 1075 [probationer who was compelled to incriminate himself under threat of probation revocation succeeded in suppressing incriminatory statement in subsequent prosecution].)

**2.    *Vagueness***

Appellant next contends the challenged condition is void for vagueness because there is no reliable method to determine whether he has complied with its provisions.  The argument lacks merit.

"Under the void for vagueness doctrine, based on the due process concept of fair warning, an order ' "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' "  (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910; accord, *In re Sheena K., supra,* 40 Cal.4th at p. 890.)

Appellant does not dispute that the condition provides clear notice of what is required of him.  He must provide the identities of his cohorts.  If he does not know their identities, he must convey that information to the court.  In short, he must tell the truth regarding what he knows about their identities.  As to appellant, the condition could not be clearer.

5

The gist of appellant's objection is that there is no way for the court to measure compliance with the condition. In essence, he argues the juvenile court cannot be entrusted with the decision of whether the condition has been violated because there is no objective way to confirm exactly what appellant knows or does not know about the identities of the co-participants. He confuses compliance with difficulty of proof. Appellant complies if he simply tells the truth. Proof of compliance—i.e., the court's determination of whether appellant told the truth—necessarily requires the juvenile court to assess appellant's credibility based upon all the circumstances. (Cf. Evid. Code, § 780 [setting forth factors in assessing witness credibility].) The mere fact the court may be called upon to assess appellant's credibility does not render the probation condition vague or unenforceable. Further, any difficulty of proof inures to appellant's benefit because probation may be revoked only upon proof of a willful violation. (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1186.)

Accordingly, we conclude the challenged condition is sufficiently precise to pass constitutional muster.[3]

---

[3]Although we reject appellant's claims that the challenged probation condition violates his Fifth Amendment right against self-incrimination and is unconstitutionally vague, we have some reservations about the propriety and practical value of a probation condition requiring a minor to disclose the identity of co-participants in a crime. Our decision simply reflects that the specific legal challenges raised by appellant lack merit; it does not constitute an endorsement of the challenged condition.

Based upon the record before this court, it appears the juvenile court imposed the condition in an effort to aid the victim in recovering additional items stolen in the burglary. As a practical matter, it is unlikely that any information appellant might offer about his co-participants (even if true) would lead to the recovery of stolen items. In addition, a minor may face a legitimate threat of retaliation if compelled to disclose the identity of co-participants. The juvenile court is required to take such matters into consideration. (*In re Josh W., supra,* 55 Cal.App.4th at p. 8.) Here, appellant's counsel did not raise any such concerns—either in the trial court or on appeal. However, if circumstances have changed and there is now reason to believe appellant may face retaliation if he complies with the challenged probation condition, he is not precluded from raising the issue in the juvenile court upon issuance of the remittitur. (See *id.* at p. 8, fn. 7.)

6

**DISPOSITION**

The judgment is affirmed.

_____

McGuiness, P.J.

We concur:

_____

Siggins, J.

_____

Jenkins, J.