Filed 6/14/22  In re G.P. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re G.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br>        Plaintiff and Respondent,<br>v.<br><br>G.P.,<br>        Defendant and Appellant. | A162942<br><br>(Napa County<br>Super Ct. No. 20213632005) |

This case requires us to consider the reasonableness of a probation condition authorizing warrantless searches of G.P.'s electronic devices.  The juvenile court imposed the electronic search condition after G.P. admitted violating several conditions of his probation.  G.P. appeals, asserting that the electronic search condition is invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) because it lacks a sufficient nexus to his future criminality.  He also contends the condition is overbroad under the United States Constitution.  Because G.P. used social media in connection with some of his probation violations, we conclude the juvenile court did not abuse its discretion in imposing an electronic search condition, but we remand the matter to the trial court to tailor the condition in accordance with *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*).

1

## A.

G.P. pled no contest to second degree robbery (Pen. Code, § 211)[1] and attempted second degree robbery (§§ 211, 664). The juvenile court adjudged him a ward of the court, placed him on probation, and imposed numerous probation conditions. Those conditions include a curfew and requirements to attend school regularly; maintain passing grades; report to the probation officer as directed; stay in his parent's home; obey all reasonable directives of his parents and the probation officer; and avoid all contact and communication with I.S.--G.P.'s accomplice in the robbery.

A few months later, G.P.'s mother reported to the Napa Police Department that G.P. ran away from home and failed to report to his probation officer. Around that time, G.P. asked for a place to stay by posting on the social media app Snapchat.

A detective from the Napa Police Department located G.P. at his place of work and attempted to place him under arrest. G.P. broke free from the detective's grip and ran through a parking lot and across a highway. Officers eventually took G.P. into custody, but only after he continued to try to evade them.

G.P. had also violated several other probation conditions in the three months between the court's imposition of probation and his arrest. G.P. was still associating with I.S. G.P. was present when the police conducted a search of I.S.'s home, and one of G.P.'s Snapchat posts showed him smoking with I.S. G.P. also missed 46 out of 117 school days, was failing all but one of his classes, and had left his parent's home and failed to return after curfew on at least three prior occasions.

---

[1] Undesignated statutory references are to the Penal Code.

## B.

The Napa County district attorney filed an amended supplemental juvenile wardship petition charging G.P. with resisting arrest (Pen. Code, § 148, subd. (a)(1)) and failure to obey a juvenile court order (Welf. & Inst. Code, § 777, subd. (a)(1)). At an uncontested detention hearing, G.P. admitted the violations, and the juvenile court sustained the petition.

G.P.'s probation officer filed a dispositional report that described G.P.'s numerous probation violations and his comments indicating that he did not appreciate the consequences of his actions. The probation officer recommended continued supervision with additional probation conditions, including an electronic search condition, noting that G.P. uses his cell phone to "further his high-risk behaviors, and [the electronic search condition] may assist in preventing future criminal conduct."

## C.

At the dispositional hearing, G.P.'s counsel asked the court to strike the electronic search condition, arguing that under *Ricardo P.*, *supra,* 7 Cal.5th 1113, G.P.'s use of a phone to communicate while on the run does not justify the burden the condition imposes on his privacy interests.

The juvenile court adopted the probation department's recommendations and imposed the electronic search condition.

## DISCUSSION

G.P. contends the electronic search condition is invalid under *Lent*. Applying the abuse of discretion standard (*In re P.A.* (2012) 211 Cal.App.4th 23, 33), we agree the condition imposes a burden on G.P. disproportionate to the legitimate interests it serves. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.)

3

**A.**

The electronic search condition requires G.P. to submit "all" electronic devices under his control to search and seizure "at any time of the day or night with or without a search warrant, arrest warrant, or reasonable suspicion" and to also provide all passcodes and other information required to gain access into the electronic devices and their applications. The condition is limited to "areas of the electronic devices where evidence likely to reveal criminal activity or probation violations may be found."

**B.**

A juvenile court has broad discretion to fashion conditions of probation for the purpose of rehabilitation and may impose a probation condition that would otherwise be unconstitutional if it is tailored to meet the needs of the juvenile. (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5.) However, the juvenile court's discretion has limits. (*In re Alonzo M.* (2019) 40 Cal.App.5th 156, 164 (*Alonzo M.*).) Probation conditions must be reasonable. (Welf. & Inst. Code, § 730, subd. (b).) The reasonableness of a probation condition is measured by the circumstances of the minor's offense and social history. (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100.)

Under *Lent*, a probation condition is invalid if it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. ' " (*Lent*, *supra*, 15 Cal.3d at p. 486.) All three *Lent* prongs must be satisfied to invalidate a probation condition. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

The parties appear to agree that the first two prongs of *Lent* are satisfied. The question then is whether the electronic search condition also satisfies *Lent*'s third prong.

4

To demonstrate that a probation condition is " 'reasonably related to future criminality' " under *Lent*'s third prong, the record must establish a connection between the condition and the probationer's criminal conduct or personal history. (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1119–1121.) There must be more than an "abstract or hypothetical" relationship between the probation condition and preventing future criminality. (*Id.* at p. 1121.) However, the probation condition need not be tied to the probationer's crimes if the conditions are " 'reasonably' " directed at curbing the probationer's future criminality. (*Id.* at p. 1122.)

*Lent*'s third prong also requires a "degree of proportionality" between the burden imposed by the probation condition and the legitimate interests it serves. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) *Ricardo P.* held that a "burdensome and intrusive" electronic search condition requires "a correspondingly substantial and particularized justification." (*Id.* at p. 1126.)

## C.

G.P.'s main argument is that the electronic search condition is not proportionate to the legitimate interests it serves.

Here, the legitimate interest served by the electronic search condition is the government's interest in monitoring G.P.'s compliance with the stay-away order and the probation conditions requiring G.P. to remain in his parent's home and abide by a curfew. Because the record demonstrates that G.P. used Snapchat to facilitate (or flaunt) his violation of those probation conditions, there is more than an "abstract or hypothetical" connection between the electronic search condition and the government's legitimate interest. (*Ricardo P., supra,* 7 Cal.5th at pp. 1121–1122.)

However, G.P. argues that the electronic search condition is disproportionate to the legitimate interest in ensuring his

adherence to those terms of probation. In *Alonzo M.*, the court of appeal concluded that a juvenile court's decision to impose an electronic search condition was not an abuse of discretion where the minor and his mother attributed his criminal conduct to the people he socialized with, and the record showed that the minor spent a significant amount of his time using electronic devices. (*Alonzo M.*, *supra*, 40 Cal.App.5th at pp. 166–167.) But the court also found that the language of the electronic search condition was too broad and remanded the case to allow the juvenile court to tailor the condition to the probation department's legitimate interest in preventing the minor from communicating with his accomplices. (*Id.* at pp. 167–168.)

*In re Amber K.* (2020) 45 Cal.App.5th 559 is similar. The court concluded that a broad electronic search condition imposed a burden disproportionate to the legitimate interest of ensuring the minor was complying with a no-contact order. (*Id.* at p. 567.)

Likewise, here, the electronic search condition imposes a greater burden on G.P. than the circumstances warrant. The condition permits searches of social media accounts, emails, texts, search histories, digital photos and videos (*In re David C.* (2020) 47 Cal.App.5th 657, 664), and any digital information that may contain evidence of criminal activity, even if unrelated to the probation conditions at issue here. The search condition also lacks temporal limitations, allowing officers to access information that predates the imposition of G.P.'s probation. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1127.) The record does not reveal a "substantial and particularized justification" for such an expansive search condition. (*Id.* at p. 1126.)

We remand the matter to the juvenile court to consider whether to impose a narrower electronic search condition, the burden of which should be proportionate to the state's interest in ensuring G.P.'s compliance with the stay-away order and the probation conditions requiring G.P. to remain in his parent's

home and abide by a curfew.  We do not reach G.P.'s constitutional argument.

## D.

G.P. has forfeited his argument that the electronic search condition is unreasonable because it may discourage him from accessing digital services and programs to support his rehabilitation.  He fails to support this argument with citation to legal authority or to the record.  (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894.)

## DISPOSITION

The electronic search condition is stricken.  The matter is remanded to the juvenile court to consider whether to impose a revised condition tailored to the relevant state interests.  The disposition order is otherwise affirmed.

_____

BURNS, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

WISEMAN, J.*

A162942

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.