Filed 10/30/15  In re Roman P. CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ROMAN P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ROMAN P.,<br><br>     Defendant and Appellant. | A143468<br><br>(Contra Costa County<br>Super. Ct. No. JV1400053) |

Roman P., a minor, appeals from a dispositional order issued pursuant to Welfare & Institutions Code section 602 after the juvenile court sustained a misdemeanor battery allegation.  Roman contends a probation condition requiring him to submit any cell phones and other electronic devices to search and seizure is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and unconstitutionally vague and overbroad.  Roman also contends his attorney's failure to object to the search condition deprived him of his right to the effective assistance of counsel.  We agree the condition is unreasonable and invalid under *Lent* and modify the dispositional order to strike it.  As modified, we affirm.

1

## BACKGROUND

The battery charge against Roman stemmed from an incident at Alliance Program, a high school for special needs students. On the morning in question Roman had been turned away from the school office several times and told to return to class. Later another student opened the office door and Roman again tried to enter. School secretary Maureen Totah blocked the doorway with her arms and told Roman he could not come in. Roman grabbed and twisted Totah's arm and tried to push her out of his way. Roman's version of the incident was that he unintentionally bumped Totah's arm with his chest when she barred the door as he was heading into the office.

The juvenile court found Roman committed a misdemeanor battery on a school employee, adjudged him a ward of the court with no termination date and ordered that he live with his mother with 60 days of supervision by the probation officer. Without objection, the court imposed a probation condition requiring that Roman "[s]ubmit person, property, any vehicle under Minor's control, *any cell phone or any other electronic device* in their possession and residence to search and seizure by any peace officer at any time of day or night with or without a warrant." (Italics added.) Roman timely appealed.

## DISCUSSION

Roman challenges the electronics search condition as unconstitutionally overbroad and vague because (1) permitting officers to search his cell phone and other electronic devices unconstitutionally infringes his and third parties' privacy rights; and (2) the search condition "captures digital devices such as an electronic photograph frame or a Kindle reader, neither of which is illegal to possess or is likely to contain evidence of crimes." Roman also contends the probation condition is invalid under the standards articulated in *Lent*.

The People assert the *Lent* issue was forfeited, but they analyze Roman's assertion of unconstitutional vagueness and overbreadth as strictly facial challenges to the electronics search condition. We do not believe the search condition can be analyzed for

2

either constitutional or *Lent* error without reference to Roman's offense and personal history and circumstances. Because these objections were not raised below and cannot adequately be evaluated without reference to the record (compare, e.g., *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*) [overbreadth and vagueness challenges to probation condition forbidding association with anyone disapproved of by probation presented pure question of law]), they were arguably forfeited by trial counsel's failure to object.

But "an appellate court may review a forfeited claim—and '[w]hether or not it should do so is entrusted to its discretion.' " (*Sheena K., supra*, 40 Cal.4th at p. 887, fn. 7.) The constitutional privacy implications of the electronics search condition at issue (see generally *Riley v. California* (2014) __U.S.__, __ [134 S.Ct. 2473, 2494–2495]) and the frequency with which we have lately seen it imposed on juvenile offenders without apparent consideration of its relevance to their offenses or unique circumstances persuade us to exercise that discretion here.[1]

### I. Legal Principles

Welfare and Institutions Code section 730 authorizes the juvenile court to "impose and require any and all *reasonable* conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, §730, subd. (b), italics added.) In planning conditions of probation, the juvenile court must consider the minor's entire social history, in addition to the circumstances of the offense. (*In re Todd L.* (1980) 113 Cal.App.3d 14 (*Todd L.*).)

The juvenile court has broad discretion to formulate reasonable probation conditions. (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81, overruled on other grounds in *In re Jaime P.* (2006) 40 Cal.4th128, 130; *In re Josh W.* (1997) 55 Cal.App.4th 1, 5 (*Josh W.*).) Because juvenile probation conditions are imposed on the minor to ensure his

---

[1] We therefore need not decide whether trial counsel's failure to object to the probation condition deprived Roman of his constitutional right to the effective assistance of counsel.

rehabilitation, "[a] condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court." (*Todd L., supra*, 113 Cal.App.3d at p. 19; *In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1153.) Indeed, a juvenile court may impose a condition of probation that would be unconstitutional in an adult context, 'so long as it is tailored to specifically meet the needs of the juvenile." (*Josh W., supra,* at p. 5.) "This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may 'curtail a child's exercise of the constitutional rights . . . [beause a] parent's own constitutionally protected "liberty" includes the right to "bring up children" [citation] and to "direct the upbringing and education of children." [Citation.]' [Citations.]" (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.)

But the juvenile court's discretion is not unlimited. As stated in *Lent*, a probation condition is unreasonable if it: " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent, supra*, 15 Cal.3d at p. 486.) All three prongs of the *Lent* test must be satisfied to render a probation term invalid. (*People v. Olguin* (2008) 45 Cal.4th 375, 379; *In re D.G.* (2010) 187 Cal.App.4th 47, 52 (*D.G.*) [*Lent* standard applies to juveniles].) In addition, a juvenile court may not adopt probation conditions that are unconstitutionally vague or overbroad. (*Sheena K., supra*, 40 Cal.4th at pp. 889–891; *In re Victor L.* (2010) 182 Cal.App.4th 902, 910 (*Victor L.*).) Under the overbreadth doctrine, "conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation." (*Victor L., supra*, 182 Cal.App.4th at p. 910.)

While we generally review the court's imposition of a probation condition for abuse of discretion, we review constitutional challenges to probation conditions de novo.

4

(*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)  In an appropriate case, a probation condition that is not sufficiently precise or narrowly drawn may be modified in this court and affirmed as modified.  (See, e.g., *Sheena K., supra*, 40 Cal.4th at p. 892; *People v. Lopez* (1998) 66 Cal.App.4th 615, 629.)

## *II. Analysis*

Is the electronic device search condition related to Roman's crime?  No.  Roman's only adjudicated offense  was misdemeanor battery committed when he grabbed and pushed the school secretary's arm to gain entry into the school office.  Permitting searches of any cell phone or other electronic device in his possession has no relationship to his actions.  The People hypothesize that Roman's attempt to push his way into the school office shows that he must be "deterred from using cell phones or other electronic devices to bypass security devices at school,"  but this seems farfetched.  Nothing in the record indicates Roman possesses the technological capabilities or predilections that require monitoring to protect the school from electronically-aided breaking and entry.  The People also suggest that Roman might use a phone to solicit other students to help him break into the school office, but there is no evidence that Roman enlisted other students, let alone by electronic means, to help him commit the adjudicated offense.  More generally, it can always be hypothesized that an offender (with or without the assistance of a cell phone) might enlist others to help him commit a crime, so the People's rationale would seemingly justify imposing an electronics search condition for any offense, no matter how ephemeral its connection to the use of electronic communications.

On the second *Lent* prong, the People justify the electronics search condition because a cell phone or computer, while not in itself illegal, "can be the instrumentality of a crime."   Here too, we are unpersuaded.  "[T]he second part of the *Lent* test is not satisfied merely because a condition precludes conduct that *can* occur in a manner that is illegal.  Rather, it is satisfied only by a condition that precludes conduct that 'itself' criminal."  (*D.G., supra*, 187 Cal.App.4th at p. 55.)  As observed in *D.G.*, under the

5

People's theory Roman could be barred from driving a car "because it is possible to speed and drive recklessly." We also reject such an expansive interpretation of the second *Lent* prong.

The People argue the search condition is reasonably related to future criminality under the third *Lent* prong because it "will deter Roman from planning crimes with any electronic devices in the future." Again, nothing in the record indicates Roman has any disposition to plan crimes using cell phones or computers. The People suggest that his admission to relatively minimal experiences with marijuana and alcohol supports the search condition because it may deter him from using or possessing drugs or alcohol in the future, but "[n]ot every probation condition bearing a remote, attenuated, tangential, or diaphanous connection to future criminal conduct can be considered reasonable." (*People v. Brandao* (2012) 210 Cal.App.4th 568, 574.) Absent any evidence indicating Roman is disposed to use electronic devices in connection with misbehavior, "there is no reason to believe the current restriction will serve the rehabilitative function of precluding appellant from any future acts." (*D.G., supra*, 187 Cal.App.4th at p. 53; *cf. People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1176–1177 [*Lent* standard satisfied where evidence showed defendant was a gang member who used social media to promote his gang].)

We conclude the electronics search condition imposed on Roman is invalid under *Lent*. In light of our determination, we will not address Roman's constitutional arguments. (*In re Henry G.* (1972) 28 Cal.App.3d 276, 278–279 ["[i]t is elementary that a court will not decide a constitutional question unless absolutely necessary"].)

## DISPOSITION

The search condition of the dispositional order granting probation is modified to strike the phrase "any cell phone or any other electronic device," so that it reads "Submit person, property, any vehicle under Minor's control, and residence to search and seizure by any peace officer at any time of day or night with or without a warrant." As so modified, the dispositional order is affirmed.

6

 

                            _____

                            Siggins, J.

We concur:

_____

McGuiness, P.J.

_____

Pollak, J.